IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 17-72-4 RGA |
| | : | |
| LAMIR HANDY., | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM ORDER

Defendant filed a motion for compassionate release on December 8, 2020.  (D.I. 171). The motion for compassionate release is properly before me, as more than a month has passed since he had asked the Warden for compassionate release, and thus he has exhausted his administrative remedies.  (D.I. 174 at 6-7).

Defendant has been serving a 51 month sentence.  He has served most of it.  His "release date" is July 7, 2021. (D.I. 174 at 2).  He has complied with prison rules and appears to have a plan for release.  (D.I. 177 at 4-5).  Indeed, he was scheduled for halfway house placement on January 7, 2021, but that did not occur because of administrative problems not his fault.  (D.I. 171 at 2; D.I. 174 at 2).  He also reports a significant COVID-19 outbreak at FCI Fort Dix (D.I. 171 at 1; D.I. 177 at 1), which is confirmed by the Government (D.I. 174 at 6) and online records showing that about 60% (1565/2534 as of January 15, 2021) of Fort Dix's inmates have tested positive.  Unfortunately for Defendant's motion, Defendant is "in good health" (D.I. 105 at 15, ¶ 94), which he now describes as "fair."  (D.I. 171 at 3).[1]

---

[1] I note also the health assertion in his most recent filing.  (D.I. 177 at 1).

Motions for compassionate release are designed for limited circumstances, indeed, circumstances that are "extraordinary and compelling." I do not think Fort Dix's unfortunate circumstances meet that standard for a healthy young man.

Thus, I must DENY Defendant's motion. (D.I. 171).

IT IS SO ORDERED this 15th day of January 2021.

/s/ Richard G. Andrews<br>United States District Judge